Local Form 3015-1 (12/17)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Christie Lee Szabla**
**Jason Joseph Szabla**

Case no.: **17-60649**
CHAPTER 13 PLAN ☑ Modified
Dated: **February 2, 2018**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1  As of the date of this plan, the debtor has paid the trustee $ **900.00** .

2.2  After the date of this plan, the debtor will pay the trustee $ **900.00** per **Month** for **59** months, **beginning in January 2018**, for a total of $ **53,100.00** .The initial plan payment is due not later than 30 days after the order for relief.

2.3  The minimum  plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4  The debtor will also pay the trustee  **0.00** .

2.5  The debtor will pay the trustee a total of $  **54,000.00**   [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **5,400.00**  [line 2.5 x .10]

**Part 4.    ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

|  | Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|---|
| 4.1 | **Ally Financial** | **$145.34** | **2** | **$290.68** |
| 4.2 | **Ally Financial** | **$115.50** | **2** | **$231.00** |
|  | TOTAL |  |  | **$521.68** |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

|  | Creditor | Description of Property |
|---|---|---|
| 5.1 | **Verizon** | **Cell Phone Contract** |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

|  | Creditor | Description of Property |
|---|---|---|
|  | **-NONE-** |  |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|  | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 7.1 | **Seterus Inc** | **$9,345.00** | **$155.75** | **1** | **60** | **$9,345.00** |
|  | TOTAL |  |  |  |  | **$9,345.00** |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |
| TOTAL | | | | | | **$0.00** |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in plan this Part control over any contrary amount except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| | Creditor | Claim amount | Secured Claim | Interest Rate | Begin-ning in month # | (Monthly payment) | X Number of payments | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | **Ally Financial (2013 Ford Fusion)** | **$18,606.00** | **$11,550.00** | **5.25** | **3** | $ **222.87** | **58** | **$12,926.00** | **$231.00** | **$13,157.00** |
| | TOTAL | | | | | | | | | **$13,157.00** |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed filed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| | Creditor | Claim amount | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 10.1 | **Ally Financial (2013 Dodge Caravan)** | **$14,459.16** | **5.25** | **3** | **$278.98** | **58** | **$16,180.52** | **$290.68** | **$16,471.20** |
| | TOTAL | | | | | | | | **$16,471.20** |

**Part 11.  PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | **Attorney Fees** | **$3,000.00** | **$150.00** | **1** | **20** | **$3,000.00** |
| 11.2 | **Internal Revenue Service** | **$1,838.27** | **Pro rata** | **Pro rata** | **Pro rata** | **$1,838.27** |
| 11.3 | **MN  Dept of Revenue** | **$1,456.68** | **Pro rata** | **Pro rata** | **Pro rata** | **$1,456.68** |
| | TOTAL | | | | | **$6,294.95** |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | |
| | TOTAL | | | | | **$0.00** |

**Part 13.  SEPARATE CLASSES OF UNSECURED CLAIMS —** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|----------|------------------------|--------------|-----------------|----------------------|--------------------|----------------|
| **-NONE-** | | | | | | |
| TOTAL | | | | | | **$0.00** |

**Part 14.  TIMELY FILED UNSECURED CLAIMS —** The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $  **3,331.85**   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $  **7,056.00**  .

14.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $  **173,995.04**  .

14.3    Total estimated unsecured claims are $  **181,051.04**   [lines 14.1 + 14.2].

**Part 15.  TARDILY-FILED UNSECURED CREDITORS —** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16.  SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property |
|----------|-------------------------|
| **-NONE-** | |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | **Interchange Plaza LLC: Debtors reject the existing lease.** |
|------|---|
| | **Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 13 above.** |
| | **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.** |
| | **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.** |
| | **Late filed claims are subject to objection per 11 U.S.C. §502(b)(9).** |
| | **APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.** |
| 17.2 | |

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee's [Part 3] | $ | 5,400.00 |
| Home Mortgage Defaults [Part 7] | $ | 9,345.00 |
| Claims in Default [Part 8] | $ | 0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | 13,157.00 |
| Secured claims excluded from § 506 [Part 10] | $ | 16,471.20 |
| Priority Claims [Part 11] | $ | 6,294.95 |
| Domestic support obligation claims [Part 12] | $ | 0.00 |
| Separate classes of unsecured claims [Part 13] | $ | 0.00 |
| Timely filed unsecured claims [Part 14] | $ | 3,331.85 |
| TOTAL (must equal line 2.5) | $ | 54,000.00 |

Certification regarding nonstandard provisions:

I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:  **/s/ William P. Kain**
                 **William P. Kain 143005**
                 Attorney for debtor or debtor if pro se

Signed:  **/s/ Christie Lee Szabla**
                 **Christie Lee Szabla**
                 Debtor 1

Signed:  **/s/ Jason Joseph Szabla**
                 **Jason Joseph Szabla**
                 Debtor 2 (if joint case)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                        Case No: 17-60649

Christie Lee Szabla
Jason Joseph Szabla,

                    Debtors.

## NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is

scheduled on February 27, 2018 at 10:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse,

Courtroom 2, 2nd Floor, 118 Mill Street, Fergus Falls, Minnesota.

Dated this 2nd day of February, 2018.

                                   KAIN & SCOTT, P.A.


                                   /e/ WILLIAM P. KAIN-#143005
                                   **Attorney for Debtors**
                                   **13 Seventh Avenue South**
                                   **St. Cloud, Minnesota 56301**
                                   **(320) 252-0330**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                                Case No. 17-60649

Christie Lee Szabla
Jason Joseph Szabla,

      Debtors.

---

## UNSWORN CERTIFICATE OF SERVICE

---

I, Sonja K. Quaintance, declare under penalty of perjury that on February 2, 2018 she caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: February 2, 2018                              /e/ Sonja K. Quaintance
                                                      Sonja K. Quaintance
                                                      Kain & Scott, P.A.

ALLY FINANCIAL
200 RENAISSANCE CTR
DETROIT MI 48243

AMERICAN ACCOUNT & ADVISERS, I
7460 80TH STREET SOUTH
COTTAGE GROVE MN 55016

BARCLAYS BANK DELAWARE
PO BOX 8803
WILMINGTON DE 19899

BUSINESS REVENUE SYSTEMS, INC
2419 SPY RUN AVENUE
FORT WAYNE IN 46805

CAPITAL ONE
15000 CAPITAL ONE DR
RICHMOND VA 23238

CARE CREDIT/SYNCHRONY BANK
PO BOX 965036
ORLANDO FL 32896-5036

CAVALRY PORTFOLIO SERV
PO BOX 27288
TEMPE AZ 85285

CENTER FOR DIAGNOSTIC IMAGING
5775 WAYZATA BLVD
SUITE 190
MINNEAPOLIS MN 55416

CENTRACARE HEALTH
1200 SIXTH AVENUE NORTH
SAINT CLOUD MN 56303-2736

CENTRACARE ST. CLOUD HOSPITAL
1406 SIXTH AVENUE NORTH
SAINT CLOUD MN 56303

CHIROPRACTIC PERFORMANCE CENTE
2380 TROOP DRIVE  STE 201
SARTELL MN 56377

COLLECTION RESOURCES
PO BOX 2270
SAINT CLOUD MN 56302-2270

D.S. ERICKSON & ASSOCIATES
920 SECOND STREET SOUTH
SUITE 800
MINNEAPOLIS MN 55402

DEPT OF ED/NAVIENT
PO BOX 9635
WILKES BARRE PA 18773

EGS FINANCIAL CARE, INC.
PO BOX 1020
DEPT 806
HORSHAM PA 19044

GURSTEL CHARGO
6681 COUNTRY CLUB DRIVE
MINNEAPOLIS MN 55427

HJORT CHIROPRACTIC
3700 W DIVISION ST SUITE 101
SAINT CLOUD MN 56301

I C SYSTEM INC
PO BOX 64378
SAINT PAUL MN 55164

INTERCHANGE PLAZA LLC
920 ADELINE COURT
SAINT PAUL MN 55118-3622

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

JAMES I ROBERTS
5280 15TH AVE SE
SAINT CLOUD MN 56304

JC PENNEY
BANKRUPTCY DEPARTMENT
PO BOX 103106
ROSWELL GA 30076

LAKELAND HEALTH SERVICES
10600 OLD COUNTY RD 15
STE 140
PLYMOUTH MN 55441

MIDLAND FUNDING
2365 NORTHSIDE DR STE 30
SAN DIEGO CA 92108

MINUTE CLINIC
PO BOX 8451
BELFAST ME 04915-8451

MN  DEPT OF REVENUE
ATTN:DENISE JONES
PO BOX 64447
SAINT PAUL MN 55164

NAVIENT
123 S JUSTISON ST STE 30
WILMINGTON DE 19801

NORTH CENTRAL PATHOLOGY
2854 HWY 55  STE 130
EAGAN MN 55121

NORTHSTAR LOCATION SERVICES
4285 GENESSEE STREET
CHEEKTOWGA NY 14225-1943

PROFESSIONAL CREDIT ANALYSTS
PO BOX 99
NEW ULM MN 56073

QUEST DIAGNOSTICS
PO BOX 740397
CINCINNATI OH 45274-0397

REGIONAL  DIAGNOSTIC RADIOLOGY
PO BOX 7366
SAINT CLOUD MN 56302-7366

RIVER CITY DENTAL
PO BOX 280
SAINT CLOUD MN 56302-0280

SETERUS INC
14523 SW MILLIKAN WAY ST
BEAVERTON OR 97005

SHAPIRO & ZIELKE, LLP
ATTORNEYS AT LAW
12550 W FRONTAGE RD, STE 200
BURNSVILLE MN 55337

ST. CLOUD FAMILY DENTISTRY
1011 SECOND ST N, STE 102
56303

ST. CLOUD HOSPITAL
1406 6TH AVE NORTH
SAINT CLOUD MN 56303-1900

ST. CLOUD MEDICAL GROUP
251 COUNTY ROAD 120
SAINT CLOUD MN 56303

ST. CLOUD ORTHOPEDICS
1901 CONNECTICUT AVE SOUTH
SARTELL MN 56377

SYNCB/WALMART
PO BOX 965024
ORLANDO FL 32896

TRANSWORLD SYST COLLECTION AGC
PO BOX 17221
WILMINGTON DE 19850

VICTORIA SECRET
PO BOX 659728
SAN ANTONIO TX 78265-7928

WILLIAMS INTEGRACARE
100 2ND STREET S
PO BOX 296
SARTELL MN 56377

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
**Christie Lee Szabla**
**Jason Joseph Szabla**
Debtor(s).

Case No. **17-60649**

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1.    The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2.    The  Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3.    **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4.    I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5.    My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6.    **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date:  2-2-18

x _____
Signature of Debtor 1 or Authorized
Representative

x _____
Signature of Debtor 2

Christie Lee Szabla
Printed Name of Debtor 1 or
Authorized Representative

Jason Joseph Szabla
Printed Name of Debtor 2